# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TIMOTHY MAYNARD LETT,

      Plaintiff,

v.                                                    No. 1:24-cv-0948-DLM

SECOND JUDICIAL DISTRICT COURT and
FNU ROSKOS,

      Defendants.

## ORDER TO CURE DEFICIENCY AND ORDER TO SHOW CAUSE

This case arises from an alleged unconstitutional traffic stop of Plaintiff by Defendant Roskos, who is a Rio Rancho Police officer, and the alleged deprivation of Plaintiff's constitutional rights during a subsequent proceeding in the Second Judicial District Court, Bernalillo County, State of New Mexico. (*See* Doc. 1.) Plaintiff seeks, among other things, compensatory damages and "Removal/reversion of charges/convictions." (*Id.* at 5.)

**I.**    **Order to Cure Deficiency**

Federal law mandates that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

---

[1] The fee for instituting any civil action, suit, or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

Plaintiff has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Plaintiff must either pay the fee or file a Long Form Application. The Clerk's Office mailed a blank "Application to Proceed in District Court Without Prepaying Fees or Costs, (Long Form)" to Plaintiff on September 25, 2024.

## II.   Order to Show Cause

As described below, the Court has identified deficiencies with the Complaint and orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims. *See Lowrey v. Sandoval Cnty. Children Youth & Fams. Dep't,* 2023 WL 4560223 *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

## III.   Defendant Second Judicial District Court

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) (noting that "even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

States and state agencies are generally "protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Id.* (quoting *Bd. of*

2

*Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). There are three exceptions to sovereign immunity:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)).

There are no allegations in the Complaint showing that the Court has jurisdiction over Plaintiff's claims against the Second Judicial District Court, which is an arm of the State of New Mexico. *See Anderson v. Herbert*, 745 F. App'x 63, 69 (10th Cir. 2018) (Eleventh Amendment immunity "extends to entities that are arms of the state [and] applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages"). Plaintiff has not shown that the State of New Mexico has consented to suit in federal court. "[T]he United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)).

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against the Second Judicial District Court for lack of jurisdiction. If Plaintiff asserts the Court should not dismiss those claims, Plaintiff must file an amended complaint.

**IV.     Other Related Cases**

Plaintiff indicates he has a second lawsuit pending in the Second Judicial District Court that deals dealing with the same facts involved in this action. (*See* Doc. 1 at 4 (stating the issues raised are "False Arrest, 1st & 4th Amend. Violation").) Plaintiff did not provide the docket number

3

of the other lawsuit. Plaintiff asserts claims based on proceedings in a criminal case but has not provided the docket number of the criminal case. (*See id.* at 5 (seeking reversal of "convictions").)

Plaintiff must identify every case, civil and criminal, related to the events referenced in the Complaint and provide the name of the court(s) and the docket numbers.

V.      **Statute of Limitations**

It appears Plaintiff is asserting claims against Defendant Roskos based on an unlawful traffic stop, excessive force, and unlawful arrest. (*See id.* at 2–3.) It also appears that those claims may be barred by the statute of limitations. Review of state court records indicates that Defendant Roskos initiated a traffic stop, arrested Plaintiff and allegedly used excessive force on or about June 8, 2018. *See Roskos v. Lett*, No. D-202-CV-2019-03366, Compl. (2d Jud. Dist. Court 2019). "[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years").

The Court orders Plaintiff to show cause why Plaintiff's civil rights claims against Defendant Roskos based on an unlawful traffic stop, excessive force, and unlawful arrest are not barred by the statute of limitations. Plaintiff's amended complaint must clearly indicate each claim Plaintiff is asserting against Defendant Roskos, describe the actions giving rise to each claim, and stating when those actions occurred. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

VI.     *Younger* Abstention and *Rooker-Feldman* Doctrines

It appears Plaintiff's claims may be barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines because Plaintiff states there is a pending case in state court and that he was convicted in a criminal case.

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether the *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

The *Rooker-Feldman* doctrine

> bars federal district courts from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019) (quotation marks and citations omitted); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

The Court orders Plaintiff to show cause why his claims are not barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines.

**VII.  Case Management**

>Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**VIII.  Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

>**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

    **IT IS THEREFORE ORDERED** that:

(i)     Plaintiff shall, within 21 days of entry of this Order, either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely pay the $405.00 fee or file an Application may result in dismissal of this case. If Plaintiff files an Application, Plaintiff must follow all instructions in the Application.

(ii)     Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss Plaintiff's claims; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

 

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE